**Alice BRADFORD, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–04–414–CR.**

Court of Appeals of Texas,
Fort Worth.

June 23, 2005.

William S. Harris, Fort Worth, for Appellant.

Tim Curry, Crim. D.A., Charles M. Mallin, Asst. Crim. D.A., Chief of the Appellate Division, Kimberly Wesley, Dawn Rhoden, Asst. Crim. Dist. Attys., Fort Worth, for State.

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

## OPINION AND ABATEMENT ORDER

SUE WALKER, Justice.

### I. INTRODUCTION

The sole issue presented in this appeal by Appellant Alice Bradford is whether the trial court erred by proceeding with an adjudication of her guilt without making a judicial determination that she had regained competency to stand trial since the entry of a judgment finding her incompetent. Because the law requires a judicial determination that a defendant who has been adjudged incompetent and has been criminally committed has regained competency before criminal proceedings—including a proceeding to adjudicate guilt—may be resumed, we abate this appeal and remand this cause to the trial court to make a judicial determination regarding Bradford's competency at the time of the adjudication hearing.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Bradford was indicted on August 7, 2001 for aggravated assault with a deadly weapon. The trial court entered a judgment of mental incompetency after a jury determined that Bradford was incompetent to stand trial and that there was no substantial probability that she would attain competency in the foreseeable future. The trial court ordered Bradford committed to the North Texas State Hospital–Vernon Campus for a period of not more than eighteen months for further examination and treatment "toward the objective of attaining competency to stand trial." On June 7, 2002, the Competency Program Psychiatrist for the North Texas State Hospital–Vernon Campus, Dr. Thomas D. Wiman, signed a report addressed to the trial court judge concluding that Bradford was competent to stand trial. On June 26, 2002, the trial court entered an order adjudging Bradford competent to stand trial and, upon her plea of guilty, sentenced her to six years' deferred adjudication community supervision.

In April 2003, the State filed a petition to proceed to an adjudication of Bradford's guilt. Bradford's court-appointed attorney filed a motion for a competency examination, which the trial court granted. On June 2, 2003, another jury found Bradford "presently incompetent to stand trial" and found that Bradford was not likely to attain the competency to stand trial in the foreseeable future. On June 3, 2003, the trial court signed a second judgment of mental incompetency and again committed Bradford to the North Texas State Hospital–Vernon Campus for a period of not more than eighteen months for further examination and treatment "toward the

objective of attaining competency to stand trial."

On August 18, 2003, Dr. Wiman signed a report addressed to the trial court concluding that Bradford was incompetent to stand trial and that there was no substantial probability that she would become competent in the foreseeable future. The report stated that Bradford was "being returned for civil commitment under the provisions of Section 6 Extended, Article 46.02 of the Code of Criminal Procedure." Bradford was then returned to the Tarrant County Jail. Dr. Wiman also enclosed his final evaluation and the certificate of examination for mental illness.

Over the next ten months, Bradford's counsel filed several motions for competency examinations—all of which were granted by the trial court—because he could not intelligently discuss the adjudication and revocation process with Bradford. Dr. Ross J. Tatum, a psychiatrist, examined Bradford on two occasions and in a report dated September 24, 2003 opined that Bradford was competent to stand trial. On October 13, 2003 and on April 28, 2004, counsel for Bradford filed two more motions for competency examinations, explaining that Bradford "wants [her] attorney to marry her and buy her a pizza" and that she continued to experience a "slow digression" since her return to the Tarrant County Jail. Dr. Barry Norman examined Bradford twice and, in a report dated May 10, 2004, concluded that Bradford was incompetent to stand trial but that there was a substantial probability that she would attain competence to stand trial in the foreseeable future.

On June 3 and June 4, 2004, Bradford's counsel filed two more motions for competency examinations explaining, "attorney cannot intelligently discuss revocation with defendant, see previous evaluations, attached." In response to these motions, the trial court appointed Dr. Ann Turberville and Dr. Lisa Clayton to examine Bradford. Dr. Turberville, in a report dated June 8, 2004, concluded that Bradford was competent to stand trial. No report from Dr. Clayton is contained in the record.

On June 28, 2004, the trial court again appointed Dr. Tatum to examine Bradford. Dr. Tatum, in a report dated July 1, 2004, concluded that Bradford was competent to stand trial.

On July 28, 2004, the trial court held a hearing on the State's petition to adjudicate Bradford's guilt, adjudicated her guilty, and sentenced her to five years' confinement in the Texas Department of Criminal Justice. In a single issue on appeal, Bradford contends that the trial court was required to make a *judicial determination* that she had regained competency at the time of the July 28, 2004 hearing on the State's petition to adjudicate and that in the absence of such a determination she could not be adjudicated guilty. We agree.

### III. COMPETENCY TO STAND TRIAL

#### A. Appellate Court Jurisdiction

The State argues that we lack jurisdiction to address Bradford's issue. Specifically, the State contends that the issue of a defendant's competency at the time of adjudication proceedings is not appealable under Texas Code of Criminal Procedure article 42.12, section 5(b). TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2004–05) (stating that a defendant may not appeal a trial court's decision to proceed to an adjudication of guilt). The State cites several cases in support of its position: *Bearden v. State,* 147 S.W.3d 661, 662 (Tex.App.-Amarillo 2004, no pet.); *Davis v. State,* 141 S.W.3d 694, 696 (Tex.App.-Texarkana 2004, pet. ref'd); and *Arista v. State,* 2 S.W.3d 444, 445–46 (Tex.App.-San

Antonio 1999, no pet.). These cases are distinguishable however because in these cases the defendant either had not been adjudicated incompetent or had been subsequently adjudicated competent prior to the trial court's adjudication of guilt. *See, e.g., Bearden,* 147 S.W.3d at 662 (explaining that sole issue on appeal was whether trial court erred by failing to have defendant examined for competence to stand trial *at hearing* on State's motion to adjudicate, thereby implying no judgment of incompetency existed prior to hearing); *Davis,* 141 S.W.3d at 696 (explaining that after judgment of incompetency, jury subsequently found defendant competent so that denial of counsel's request for jury trial on competency made during adjudication-of-guilt hearing was unappealable); *Arista,* 2 S.W.3d at 446 (holding Arista's competency was presumed, thereby implying that no judgment of incompetency existed prior to hearing). Here, a June 3, 2003 judgment of mental incompetency exists; this judgment was not vacated or superseded by a subsequent judgment of competency nor does the record before us contain a subsequent express judicial finding of competency.

By statute, "[a] defendant is presumed competent to stand trial." *See* Act of May 18, 1977, 65th Leg., R.S., ch. 596, § 1(b), 1977 Tex. Gen. Laws 1458, 1458, *repealed by* Act of Apr. 30, 2003, 78th Leg., R.S., ch. 35, § 15, 2003 Tex. Gen. Laws 57, 72 (current version at TEX.CODE CRIM. PROC. ANN. art. 46B.004 (Vernon Supp.2004–05)).[1] If a prior, unvacated adjudication of incompetency exists, however, the burden shifts to the State to establish competency. *Manning v. State,* 730 S.W.2d 744, 748 (Tex.Crim.App.1987); *Schaffer v. State,* 583 S.W.2d 627, 630 (Tex. Crim.App. [Panel Op.] 1979). Once a defendant is found incompetent, he is presumed to be incompetent to stand trial "until it has been determined in accordance with the law that he is competent to stand trial." *Schaffer,* 583 S.W.2d at 630.

The law requires that after a defendant has been adjudicated incompetent to stand trial and has been criminally committed to a mental hospital, the trial court must make a judicial determination that the defendant has regained competency before the criminal proceedings against him may be resumed. *See* TEX.CODE CRIM. PROC. ANN. art. 46.02, § 5(k). Article 46.02, section 5(k) provides that after a criminal commitment, *"If the defendant is found competent to stand trial,* criminal proceedings against him may be resumed." *Id.* (emphasis added). Under the ordinary rules of statutory construction, we apply the plain meaning of the words contained

1.  The legislature amended article 46.02 of the code of criminal procedure in 1999. *See* Act of May 26, 1999, 76th Leg., R.S., ch. 561, §§ 1–11, 1999 Tex. Gen. Laws 3092, 3092–3100. This version of the statute was in effect when Bradford pleaded guilty, when the trial court deferred adjudication of her guilt, and when the State filed its petition to proceed to adjudication. The legislature then repealed article 46.02 in its entirety—effective January 1, 2004—and added article 46B. *See* Act of April 30, 2003, 78th Leg., R.S., ch. 35, §§ 1, 2003 Tex. Gen. Laws 57, 57–68 (current version at TEX.CODE CRIM. PROC. ANN. art. 46B (Vernon Supp.2004–05)). Although the trial court adjudicated Bradford's guilt on July 28, 2004 after article 46.02 was repealed, the new statute applies only to a defendant against whom competency proceedings had not been initiated under the old law. *See* Act of April 30, 2003, 78th Leg., R.S., ch. 35, § 16, 2003 Tex. Gen. Laws 57, 72; *Lawrence v. State,* 169 S.W.3d 319, 320 (Tex.App.-Fort Worth 2005, no pet. h.) (not yet reported). Therefore, because competency proceedings were initiated against Bradford under the 1999 version of article 46.02, it remains in effect for application to her. Because the 1999 version of article 46.02 is controlling, we cite to it hereinafter and for simplicity we omit further references to the repealing statute.

in a statute unless doing so would lead to an absurd result. *State v. Hardy,* 963 S.W.2d 516, 519 (Tex.Crim.App.1997). Giving this statutory provision its plain meaning, criminal proceedings may be resumed against a defendant who has been adjudicated incompetent to stand trial and criminally committed only if he is subsequently found competent to stand trial. *Id.* Because this judicial determination is statutorily mandated to occur before any criminal proceeding against the defendant may resume, including an adjudication of guilt, this determination cannot be part of the unappealable decision to proceed with an adjudication of guilt. *See McGee v. State,* 124 S.W.3d 253, 256 (Tex.App.-Fort Worth 2003, pet. ref'd) (recognizing that denial of motion for continuance arose before and was not part of determination to adjudicate guilt and therefore was appealable notwithstanding article 42.12, section 5(b)). Accordingly, we hold that article 42.12, section 5(b) of the code of criminal procedure does not prohibit Bradford from challenging on appeal the trial court's failure to make a judicial determination that she had regained competency before proceeding with an adjudication of her guilt.

### B. Judicial Determination of Competency

■ Article 46.02, section 5(I) of the Texas Code of Criminal Procedure provides that when the head of a mental health facility discharges a committed defendant to the trial court, the court may make a competency determination based solely on the report filed by the head of the facility where the defendant had been committed. *See Spring v. State,* Nos. 01–87–00385–CR, 01–87–00386–CR, 1988 WL 7754, *1 (Tex.App.-Houston [1st Dist.] 1988, no pet.) (not designated for publication) (recognizing trial court is entitled to base its judicial determination of competency solely on report of head of facility

where defendant had been committed). The filing of this report, however, does not obviate the need for a judicial determination of the defendant's competency to stand trial. *See Schaffer,* 583 S.W.2d at 630. Letters from a psychiatrist or psychiatric evaluations containing recitations of competency are evidentiary only; they cannot operate as a substitute for a judicial fact finding of a defendant's competency to stand trial. *Id.; Fuller v. State,* 11 S.W.3d 393, 394 (Tex.App.-Texarkana 2000, pet. ref'd); *Byrd v. State,* 719 S.W.2d 237, 238 (Tex.App.-Dallas 1986, no pet.); *see also Bell v. State,* 814 S.W.2d 229, 232 (Tex. App.-Houston [1st Dist.] 1991, pet. ref'd).

■ Here, the record before us contains no judgment, order, docket sheet entry, or other statement or evidence showing that the trial court made a determination that Bradford had regained competency after its June 3, 2003 judgment finding that she was mentally incompetent. *Cf. Waits v. State,* Nos. 05–03–01194–CR, 05–03–01195–CR, 2004 WL 909747, at *2–3 (Tex. App.-Dallas 2004, pet. ref'd) (not designated for publication) (holding statement in written plea agreement that "[i]t appear[ed] to the Court that the defendant is mentally competent" constituted judicial determination defendant had regained competency). Dr. Wiman signed a report addressed to the trial court judge, but he concluded that Bradford was incompetent to stand trial and that there was no substantial probability that she would become competent in the foreseeable future. Consequently, although the trial court could have made a competency determination based solely on this report, the report does not support a finding that Bradford had regained competency because the report stated that Bradford remained incompetent. Thus, we cannot imply a judicial determination of Bradford's competency based on this report.

■ Finally, the State argues that Bradford waived any error by the trial court in proceeding with an adjudication of her guilt absent a judicial determination that she had regained competency because she did not object, and in any event, any error is not constitutional and did not affect a substantial right. But the State—not Bradford—bore the burden of establishing Bradford's competency to stand trial following the unvacated June 3, 2003 judgment adjudicating Bradford mentally incompetent. *See Manning,* 730 S.W.2d at 748; *Schaffer,* 583 S.W.2d at 630. A judicial determination that Bradford had regained competency was required before the State could resume criminal proceedings against her. *See* TEX.CODE CRIM. PROC. ANN. art. 46.02, § 5(k). Bradford's failure to object to the lack of a judicial determination of competency does not waive or excuse the State from meeting this statutorily imposed burden. *Cf. Webber v. State,* 29 S.W.3d 226, 235 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd.) (reasoning that State's burden to prove guilt beyond a reasonable doubt and sustain conviction cannot be waived). We hold that Bradford did not waive the statutory requirement that the State establish her competency to stand trial before resuming criminal proceedings against her. We sustain Bradford's sole issue.

### IV. CONCLUSION

Having sustained Bradford's sole point, we abate this appeal and remand this cause to the trial court to make a judicial determination regarding Bradford's competency at the time of the adjudication hearing on July 28, 2004. *See Schaffer,* 583 S.W.2d at 631. The trial court shall forward its determination to this court via a supplemental clerk's record within thirty days and this appeal will be automatically reinstated upon receipt of the supplemental clerk's record.