# NOS. 12-08-00068-CR
# 12-08-00069-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER HEWITT,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Christopher Hewitt appeals his conviction for two counts of aggravated sexual assault. In three issues, Appellant asserts that his convictions, and the trial court's order setting his two sentences to run consecutively, should be reversed. We affirm.

### BACKGROUND

Appellant was charged by separate indictments with two counts of aggravated sexual assault. Specifically, the indictments alleged that, on two occasions, Appellant sexually assaulted a child "younger than fourteen years of age."[1] The trial court appointed counsel to represent Appellant in his defense of these two charges.

On May 16, 2006, Appellant filed an agreed motion suggesting incompetency and requesting an examination of Appellant by a disinterested expert. The following day, the trial court ordered that

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a) (Vernon Supp. 2008).

Appellant be examined for competency by Dr. Joseph Kartye, a psychologist in Lufkin, Texas. Kartye examined Appellant and provided a written report to the trial court. In that report, Kartye stated his opinion that Appellant was not competent to stand trial. However, Kartye provided the trial court with the following guidance:

> . . . There is ample evidence from both [Appellant's] history as well as current behavior that mental retardation significantly impairs his ability to assist his attorney with his defense.
>
> There is the possibility that he could benefit from involvement in a program of instruction that teaches enough about the legal process and the roles of various court officials, as well as his rights and responsibilities, to the point that he could eventually be declared competent.

Following a hearing on the matter, at which the report was entered into evidence, the trial court rendered a written judgment in each case finding Appellant incompetent to stand trial. As part of its judgment in each case, the trial court ordered that Appellant be committed and confined to the Vernon Campus of North Texas State Hospital for "further examination and treatment towards the specific objective of attaining competency to stand trial."

Appellant was delivered to the Vernon Campus on July 30, 2007. On October 30, 2007, and after a period of observation and treatment, Dr. Gloria Bell, a psychologist at the hospital, prepared a written report for the trial court. After setting forth in detail the data forming the factual basis of her opinion, Bell stated that Appellant was "presently **Competent to Stand Trial**." (emphasis in original).

On December 6, 2007, the trial court held a joint competency and plea hearing, addressing both aggravated sexual assault cases. During the hearing, the trial court allowed Appellant to plead "no contest" in both cases, and subsequently accepted those pleas. The trial court then found Appellant guilty in both cases and sentenced him to fifteen years of imprisonment for each. The trial court ordered that the sentences were to run consecutively. These appeals followed.

## COMPETENCY

In his first issue, Appellant asserts that the trial court rendered a judgment that Appellant had

gained competency in only one of the two pending aggravated sexual assault cases.[2]  As such, Appellant argues that the trial court erred by resuming proceedings in the other case (appellate cause no. 12-08-00068-CR).  In his second issue, Appellant asserts that the trial court abused its discretion when it rendered any judgments finding that Appellant had gained competency to stand trial.  More specifically, Appellant argues that the trial court rendered any competency judgments without first reviewing adequate evidence upon which to base such a judgment.[3]

## Competency Proceedings

Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, a trial court may not accept a criminal defendant's no contest plea unless that defendant is legally competent to make such a plea.  *See* **Godinez v. Moran**, 509 U.S. 389, 400, 113 S. Ct. 2680, 2687, 125 L. Ed. 2d 321 (1993) (applying such a rule in guilty plea context).  It is the constitutional duty of each state to provide reasonable procedures to address the issue of competency. **Medina v. California**, 505 U.S. 437, 449-50, 112 S. Ct. 2572, 2579-80, 120 L. Ed. 2d 353 (1992). Further, a defendant whose competence is in doubt cannot be deemed to have expressly or implicitly waived his right to such procedures. *See* **id.**, 505 U.S. at 449, 112 S. Ct. at 2579; **Pate v. Robinson**, 383 U.S. 375, 384, 86 S. Ct. 836, 841, 15 L. Ed. 2d 815 (1966).

Article 46B.084 of the Texas Code of Criminal Procedure requires that, after a defendant has been adjudicated incompetent to stand trial and has been criminally committed to a mental hospital, the trial court must make a judicial determination that the defendant has regained competency before the criminal proceedings against him may be resumed.  *See* TEX. CODE CRIM. PROC. ANN. art. 46B.084(a), (d) (Vernon Supp. 2008); **Bradford v. State**, 172 S.W.3d 1, 4-6 (Tex. App.–Fort Worth

---

[2] The competency judgment is styled with the cause number of only one case and was filed in the clerk's record of that case only.

[3] According to Appellant's brief,

. . . When the [trial] court questioned Appellant about his stay at Vernon[,] he asked Appellant about his diagnosis and the Court stated: [']I'm asking because I don't know[.'] (RII. 9, lines 10-22).  This would indicate that the Court had not seen or at least had not read the [expert] report that determined Appellant had regained competency.

A review of the record reflects that the document titled "JUDGMENT RESTORING COMPETENCY" was signed and filed in the clerk's record before the hearing cited above began.

2005, no pet.).[4]  When the head of a mental health facility discharges a committed defendant to the trial court, the trial court may, absent timely objection, make a competency determination based solely on the report filed by the head of the facility where the defendant had been committed.  *See* TEX. CODE CRIM. PROC. ANN. art. 46B.084(a); *Bradford*, 172 S.W.3d at 5.  "If the defendant is found competent to stand trial, criminal proceedings against the defendant may be resumed." TEX. CODE CRIM. PROC. ANN. art. 46B.084(d); *see Bradford*, 172 S.W.3d at 4-5.

Under Article 46B.084, once a defendant is found incompetent, he is presumed to be incompetent to stand trial until it has been determined in accordance with the law that he is competent to stand trial.  *See* TEX. CODE CRIM. PROC. ANN. art. 46B.084(a), (d); *Bradford*, 172 S.W.3d at 4.  As such, appellate courts may not construe a trial court's decision to resume proceedings against a defendant to include an implied finding of competency.  *See Schaffer v. State*, 583 S.W.2d 627, 630 (Tex. Crim. App. 1979) (requiring additional evidence that trial court made competency finding); *Bradford*, 172 S.W.3d at 5 (same); *Bell v. State*, 814 S.W.2d 229, 232-33 (Tex. App.–Houston [1st Dist.] 1991, pet. ref'd) (same).  Expert evaluations containing recitations of competency cannot operate as a substitute for a judicial fact finding of a defendant's competency to stand trial.  *See Schaffer v. State*, 583 S.W.2d 627, 631 (Tex. Crim. App. 1979) (op. on reh'g) (holding that expert report filed in record was evidence of competency, not evidence the trial court made a *finding of competency*); *Bradford*, 172 S.W.3d at 5 (same); *Bell*, 814 S.W.2d at 232-33 (same).  Instead, some evidence must exist that the trial court actually made a finding that the defendant had gained competency.  *See id.*  The failure of a defendant to object to a resumption in the proceedings does not waive a defendant's right to appeal such a resumption.  *See Bradford*, 172 S.W.3d at 6.

**Discussion**

On December 19, 2008, we abated Appellant's appeals and remanded the cases to the trial court to make a judicial determination regarding Appellant's competency.  *See Schaffer*, 583 S.W.2d at 631 (op. on reh'g); *Bradford*, 172 S.W.3d at 6.  Pursuant to our order, the trial court held a hearing and, on February 4, 2009, made written findings in each case.  The trial court found in each case that

---

[4] Because it is unnecessary to do otherwise, we refer to only the current version of Article 46B.084 in this opinion.

Appellant was competent to stand trial at the time of the joint competency and plea hearing and that Appellant remained so until such time as a final judgment was rendered in both. These findings were made after reviewing evidence relating to Appellant's competency, including the reports of Kartye and Bell. *Cf.* TEX. CODE CRIM. PROC. ANN. art. 46B.084(a) (trial court may, absent timely objection, make a competency determination based solely on report filed); **Bradford**, 172 S.W.3d at 5 (same). These reports provided sufficient evidence for the trial court to make its findings. *Cf. id.* Further, these findings were made within a reasonable time after December 6, 2007, the date of the joint competency and plea hearing. *See* **Schaffer**, 583 S.W.2d at 631 (op. on reh'g) (July 18, 1979 opinion abating for competency findings to be made regarding trial that occurred on May 16, 1977).

In light of the trial court's judicial determination as to Appellant's competence, we hold that the trial court did not violate Appellant's due process rights by its resumption of proceedings or acceptance of Appellant's guilty pleas. *See* **Bell**, 814 S.W.2d at 233 (finding no error where case file contained judgment of competency); *see also* **Godinez**, 509 U.S. at 400, 113 S. Ct. at 2687 (trial court may not accept defendant's plea *unless* defendant is legally competent to make plea). Moreover, the failure, if any, by the trial court to follow the requirements of Article 46B.084 during the December 6, 2007 joint competency and plea hearing was not preserved for appellate review because Appellant, an individual determined to be competent, failed to raise a complaint before the trial court. *See* TEX. R. APP. P. 33.1 (setting forth the general rule of error preservation); *cf.* **Bradford**, 172 S.W.3d at 6 (holding error preserved where record before it contained no evidence that trial court had found defendant competent). Therefore, we overrule Appellant's first and second issues.

## CONSECUTIVE SENTENCES

In his third issue, Appellant argues that his sentences could not be ordered to run consecutively because the first of the two sentences is void. More specifically, Appellant asserts that, because the trial court failed to follow the procedures of Article 46B.084 before resuming proceedings, Appellant's first sentence is part of a void judgment. We note, however, that while Article 46B.084 does set forth the procedure necessary for a trial court to resume criminal

proceedings following a judgment of incompetence, it does not operate to deprive a trial court of ongoing jurisdiction in that case. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.084. Because Article 46B.084 is not jurisdictional, we overrule Appellant's third issue. *See Nix v. State*, 65 S.W.3d 664, 667-69 (Tex. Crim. App. 2001) (addressing void judgments).

## DISPOSITION

We *affirm* the judgments of the trial court.

        BRIAN HOYLE
Justice

Opinion delivered March 25, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)