COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-267-CR

 

 

JAN MICHAEL CASAS                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

I.  Introduction








Appellant Jan Michael Casas entered an open plea
of guilty to the offense of unlawful possession of a firearm, and the trial
court sentenced him to nine years=
confinement.  In two issues, Appellant
argues that the trial court erred by failing to sua sponte conduct a competency
hearing and that he did not voluntarily and knowingly enter his plea of
guilty.  We will affirm.

II.  Proceeding Before the Trial Court

At the beginning of the reporter=s
record, the trial court indicated that Appellant=s case
was set for trial and that his counsel wanted to question him to put a few
matters on the record.  Appellant agreed
that he had denied the State=s
plea-bargain offer of eight years=
confinement, that he spoke with his attorney in jail four days ago, and that
his attorney had told him that the range of punishment was enhanced up to
twenty years.  Appellant acknowledged
that he told his attorney that he was fired and that he did not want to talk
about any Awitnesses that [he] had.@  Appellant=s
attorney asked whether Appellant had told him for the first time this morning
that he has AMHMR issues.@  Appellant said that he had told him about
those issues Athree times before that.@  Appellant then said he had no witness
available to testify at punishment and that he was trying to Aget
another lawyer.@








The trial court then recommended that Appellant
be arraigned and asked Appellant if he understood what was occurring.  Appellant replied, ANo, sir.@  The trial court explained to Appellant that
it had to arraign him both outside the presence of the jury and in front of the
jury.  Appellant was then arraigned, and
he pleaded guilty instead of not guilty. 
The trial court recommended that Appellant talk to his attorney because Athen we
come to just an issue of punishment.@  The record indicates that a break was then
taken.

After the break, the trial court stated that
Appellant evidently had a change of heart about his plea, that Appellant would
not talk to his attorney about the case, and that this was a Adifficult
lawsuit@ because
apparently there was a video showing Appellant with a gun.  The court admonished Appellant that he could
either plead not guilty or guilty.  The
State confirmed that the offer of eight years had been rejected and that there
was no offer Aon the table.@  To that, Appellant questioned, AWell,
would the eight years be aggravated, 3g offense.@  After the State once again explained that
there were no outstanding plea offers, the trial court asked Appellant if he
wanted to Atalk to [his] attorney a minute.@  Appellant nodded his head up and down, and
another break was taken.

After the break, the trial court stated that
Appellant had signed paperwork indicating that he desired to enter a plea of
guilty.  The trial court confirmed that,
according to the paperwork, Appellant had no questions of the court nor of his
attorney and that he was entering his plea freely and voluntarily.  Appellant indicated that he was a United
States citizen, that he was pleading guilty, and that he understood that it was
an open plea of guilty.  The trial court
accepted Appellant=s plea and found him guilty.








The case proceeded to the punishment phase, and
Appellant testified that he is engaged, has one child, is from Puerto Rico, and
was twelve years old when his father died. 
Appellant testified that he was on Acocaine,
methamphetamine, bombing fluid, marijuana and alcohol@ when he
was arrested for possessing a weapon and that he has been addicted to
methamphetamine since 2001.  Appellant
agreed that he has a history of Amental
and mental retardation.@ 
In response to the question of whether the mental retardation was ADallas
or Tarrant County,@ Appellant said, AIt=s both.@  Appellant testified that he has had a history
of Athat@ since
his father died and that he hears two voices: 
his father=s voice and his uncle=s
voice.  Appellant=s
counsel then asked, ADo you feel like you understand
everything that=s going on in court?@  Appellant responded, AYes,
sir.@  Appellant explained his understanding of an
open plea, and he confirmed his understanding that the range of punishment was
two to twenty years.  When given an
opportunity to address the trial court, Appellant apologized for committing the
crime and acknowledged that his actions hurt others besides himself.








On cross-examination, Appellant agreed that he
has previously been convicted of sexually assaulting a child, indecency with a
child under age seventeen, and assaulting an invalid.  The trial court sentenced Appellant to nine years=
confinement, and it asked him, A[Are]
there any questions about what happened here today?@  Appellant responded, ANo, sir.@  The trial court then said the following to
Appellant:

When you get out, if you=ve got mental health
problems - - first off, you=ve got a drug problem.  You need to volunteer for every program they
got down there to get yourself straight so when you get out, if you have mental
health problems, then you can get on medication.  They can probably start you some if you=re having mental health
problems when you=re there.  When you get out, then go to MHMR, get
yourself on a mental health program where you=re not up in the criminal
justice system.  Otherwise, next time the
minimum is going to be 25 years.  It=s up to you.

 

III.  Incompetency

In his first issue, Appellant argues that the
trial court erred by failing to sua sponte conduct an informal inquiry into his
competency.  Appellant contends that the
trial court should have ordered a competency exam because he could not
adequately consult with his court-appointed attorney, he has a history of
mental retardation and mental health issues, and he could not understand the
proceedings against him.








 A trial
court cannot accept a plea of guilty Aunless
it appears that the defendant is mentally competent and the plea is free and
voluntary.@ 
Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2009).  A defendant is presumed competent to stand
trial and shall be found competent to stand trial unless proved incompetent by
a preponderance of the evidence.  Id.
art. 46B.003(b) (Vernon 2006).  A
defendant is incompetent to stand trial if he does not have Asufficient
present ability to consult with [his] lawyer with a reasonable degree of
rational understanding@ or Aa
rational as well as factual understanding of the proceedings against@
him.  Id. art. 46B.003(a).  If evidence suggesting that the defendant may
be incompetent to stand trial comes to the attention of the trial court, the
court, on its own motion, shall suggest that the defendant may be incompetent
to stand trial.  Id. art.
46B.004(b).  On the suggestion that the
defendant may be incompetent to stand trial, the trial court shall determine by
informal inquiry whether there is some evidence from any source that would
support a finding that the defendant may be incompetent to stand trial.  Id. art. 46B.004(c).








An informal inquiry is not required, however,
unless the evidence is sufficient to create a bona fide doubt in the mind of
the trial court about the defendant=s
competency.  McDaniel v. State, 98
S.W.3d 704, 710 (Tex. Crim. App. 2003); see Fuller v. State, 253 S.W.3d
220, 228 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 904
(2009).  A bona fide doubt is a real
doubt in the judge=s mind as to the defendant=s competency.  Fuller, 253 S.W.3d at 228.  Evidence is sufficient to create a bona fide
doubt if it shows Arecent severe mental illness, at
least moderate retardation, or truly bizarre acts by the defendant.@  Id. 
We review a trial court=s
implied decision not to hold an informal competency inquiry for an abuse of
discretion.  Moore v. State, 999
S.W.2d 385, 393 (Tex. Crim. App. 1999); Gray v. State, 257 S.W.3d 825,
827 (Tex. App.CTexarkana 2008, pet. ref=d).

Here, Appellant testified that he attempted to
fire his attorney and that he did not want to talk to his attorney about any Awitnesses
that [he] had.@ 
Appellant also refused to communicate with his attorney during the first
break taken in the proceeding.  After the
first break, however, the trial court informed Appellant of his choices and
asked him if he wanted to talk to his attorney. 
Appellant nodded his head up and down. 
When the break concluded, the trial court indicated that Appellant had
signed papers demonstrating that he desired to plead guilty.  Appellant confirmed that he did not have any
questions for the trial court or for his attorney and that he understood that
he was entering an open plea.  In light
of the record, the trial court could have reasonably concluded that before
Appellant entered the open plea, he merely chose not to communicate with
his attorney, not that he did not have the ability to consult with his
attorney with a reasonable degree of rational understanding.








As for Appellant=s
understanding of the proceedings, the only portion of the record showing that
Appellant did not understand the proceedings was when the trial court
recommended that Appellant be arraigned. 
After Appellant=s proclamation, the trial court
explained that Appellant had to be arraigned both outside and in front of the
jury.  Appellant was then arraigned, and
there is nothing further in the record demonstrating that Appellant did not
understand the arraignment process or any other part of the proceeding.  Indeed, Appellant indicated that he
understood he was entering an open plea of guilty, confirmed that he understood
Aeverything
that=s going
on in court,@ explained his understanding of
an open plea, confirmed his understanding that the range of punishment was two
to twenty years, and affirmed for the trial court that he did not have any
questions Aabout what happened here today.@[2]  Thus, the trial court could have reasonably
concluded that Appellant had a rational and factual understanding of the
proceedings.








Although Appellant testified that he told his
attorney about AMHMR issues,@ that he
has a history of Amental and mental retardation,@ and
that he hears his father=s and uncle=s
voices, this scant testimony does not demonstrate that Appellant suffers or has
suffered from recent severe mental illness, that Appellant is at least
moderately retarded, or that Appellant has engaged in any truly bizarre
acts.  See Fuller, 253 S.W.3d at
228.  Nor does the evidence demonstrate
that Appellant had previously been adjudicated incompetent to stand trial.  See Bradford v. State, 172 S.W.3d 1, 4
(Tex. App.CFort Worth 2005, no pet.)
(stating the law requires that after a defendant has been adjudicated
incompetent to stand trial and has been criminally committed to a mental
hospital, the trial court must make a judicial determination that the defendant
has regained competency before the criminal proceedings against him may be
resumed).

Having considered the entire record, we cannot
conclude that the evidence raised a bona fide doubt as to whether Appellant had
(1) a sufficient present ability to consult with his lawyer with a reasonable
degree of rational understanding or (2) a rational as well as factual
understanding of the proceedings against him. 
See McDaniel, 98 S.W.3d at 710. 
Accordingly, we hold that the trial court did not abuse its discretion
by failing to sua sponte conduct an informal inquiry into Appellant=s
competency.  See Tex. Code Crim.
Proc. Ann. art. 46B.004(c), (d).  We
overrule Appellant=s first issue.

IV.  Voluntariness of Plea








In his second issue, Appellant argues that his
plea was not voluntarily and knowingly entered because he Awas
suffering from mental health issues and refused to discuss his case with his
attorney,@ he Awas not
aware of the ramifications of his actions,@ he did
not Aunderstand
the gravity of his decision to enter a plea of guilty,@ and he Awas not
able to comprehend the gravity of his actions.@  Appellant=s
argumentCwhich
contains no record referencesCis
centered entirely on his first issue, which we have already overruled.  Moreover, Appellant confirmed both before the
trial court and in the written plea admonishments that he was entering his plea
freely and voluntarily.  Accordingly, we
overrule Appellant=s second issue.

V.  Conclusion

Having overruled both of Appellant=s
issues, we affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL:  MEIER,
J.; CAYCE, C.J.; and DAUPHINOT, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
June 25, 2009











[1]See Tex. R. App. P. 47.4.





[2]Appellant even questioned
whether the offense was a A3g offense,@ likely referencing a particular provision of the
code of criminal procedure.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 3g (Vernon Supp. 2008) (enumerating
offenses for which trial judge cannot grant community supervision).