ACCEPTED
06-15-00006-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/7/2015 2:14:31 PM
DEBBIE AUTREY
CLERK

Cause No. 06-15-00006-CR

**************

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/7/2015 2:14:31 PM
DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS

AT TEXARKANA, TEXAS

***************

MICHAEL HOLT

VS.

THE STATE OF TEXAS

**************

Appealed from the 71st Judicial District Court of

Harrison County, Texas

Trial Court No. 12-0381X

Appellant does not request oral argument.

Cause No. 06-15-00006-CR

| MICHAEL HOLT | § | IN THE COURT OF |
| VS. | § | APPEALS, SIXTH DISTRICT |
| THE STATE OF TEXAS | § | STATE OF TEXAS |

## NAMES OF ALL PARTIES AND ATTORNEYS

Pursuant to Texas Rule of Appellate Procedure 38.1(a), Appellant certifies that the following is a true and correct list of all parties to the trial court's final judgment, and their counsel:

MICHAEL HOLT, Appellant
Jerry H. Hodge Unit
379 FM 2972 West
Rusk, TX 75785-3666
(903) 683-5781 (**075)

THE HONORABLE Brad Morin,  Trial Judge
200 W. Houston
Marshall, Texas 75670

Mr. Coke Solomon, Harrison County District Attorney
Ms. Kristin Marie Kaye, Assistant
Attorney for the State at Trial
200 W. Houston
Marshall, Texas 75670

Mr. Richard Allen Hurlburt
Attorney for Appellant at TRIAL
222 N. Fredonia St.
Longview, Texas 75601

SCOTT RECTENWALD, Appellate attorney for MICHAEL HOLT
110 W. Fannin St.
Marshall, Texas 75670

# TABLE OF CONTENTS

NAMES OF ALL PARTIES................................................................................ 2-3

TABLE OF CONTENTS................................................................................ 4

INDEX OF AUTHORITIES............................................................................. 5

PRELIMINARY STATEMENT....................................................................... 6

POINTS  PRESENTED ................................................................................. 6

STATEMENT OF FACTS.............................................................................. 6

POINT NUMBER ONE ................................................................................. 13

SUMMARY OF ARGUMENT....................................................................... 13

ARGUMENT AND AUTHORITIES .............................................................. 14

PRAYER....................................................................................................... 16

CERTIFICATE OF SERVICE........................................................................ 17

CERTIFICATE OF COMPLIANCE WITH T.R.A.P.  9.4............................... 17

# INDEX OF AUTHORITIES

**CASELAW**                                                                    **Page**

Bradford v. State, 172 S.W.3d 1, 4–6 (Tex.App.-Fort Worth 2005)............14,15,16

Cooper v. State, 333 S.W.3d 859 (Tex.App.–Fort Worth 2010, pet. ref'd)... 14

Fuller v. State, 11 S.W.3d 393, 395 (Tex.App.-Texarkana 2000)................ 15

Godinez v. Moran, 509 U.S. 389, 400, 113 S.Ct. 2680, 2687,

125 L.Ed.2d 321 (1993)................................................................. 14

Manning v. State, 730 S.W.2d 744 (Tex.Crim.App.1987).......................... 14

Schaffer v. State, 583 S.W.2d 627, 631 (Tex.Crim.App.1979).................... 14,15

**STATUTES AND CODES**:

**Tex.Code Crim. Proc. Ann.** art. 46B.084(a) (Vernon Supp.2010)........... 13,14

UNITED STATES CONSTITUTION, AMENDMENT XIV ................................. 13,14

## PRELIMINARY STATEMENT OF THE CASE

Appellant MICHAEL HOLT appeals his conviction for Aggravated Sexual Assault of a Child.   Appellant entered an open plea of "guilty" to the Court on October 28, 2014, (RR Vol. II, Page 10)  and was sentenced to twenty-five years imprisonment in the Texas Department of Corrections.  (RR Vol. II, Page 87) This is a direct appeal.

## POINTS OF ERROR

## ISSUE NUMBER ONE

Did the Court commit reversible error when it proceeded to put the Appellant to trial without making a finding that he was competent when Appellant had previously been found to be incompetent to stand trial?

## STATEMENT OF FACTS

Appellant was indicted on a single count of aggravated sexual assault of a child.  (CR Vol. I, Page 5).   Prior to indictment, trial counsel for Appellant filed a

motion suggesting that Appellant was incompetent (CR. Vol. IA, Page 4).

Pursuant to the order of the 71st District Court that proceeded from the motion,

Dr. Thomas Allen evaluated the Appellant on October 3, 2012  (CR. Vol. IA,

Pages 15-19).   Among other things, Dr. Allen found :

> "The defendant is factually aware that he is charged with sexual assault, but he cannot rationally describe what that means. He was aware of the police coming to his home, then going to the police station where he was Mirandized and arrested. However, it does not appear he knows what those rights are and cannot recall what he was told aside from recalling that he was asked if he had any questions. That he can voluntarily and knowingly waive legal rights is highly questionable. The defendant is not adequately aware of court procedures and the roles of courtroom participants. He is aware that his attorney is there for his benefit, but he really does not know the role of the prosecutor. His understanding of the role of the judge is limited to "he give a ruling about the situation". He does not understand what a jury is, and did not know he was the defendant.  He could not discuss the function of a witness. The defendant does not demonstrate an adequate capacity to understand the legal process.  While he knows the Oath involves "I wanna say it's about telling the truth", he is clueless about evidence, what it means and its importance. make-up and functioning of a jury. He has no idea as to the standard of evidence required in a felony proceeding.  The defendant's understanding of pleas is very limited. While he seems to know the meanings of guilty and not guilty, he has no idea as to the consequences of entering either plea. He has no idea as to the rights he waives by entering a guilty plea and his capacity to understand same is very limited. He has no idea what to discuss with his attorney regarding any plea. The defendant's capacity to understand court procedures is very limited. He has no idea who can call him to testify and is not capable of understanding the concept of cross-examination. He does not know what a prosecutor is and does not understand why he would want to question him in court aside from "to ask you questions about the situation". He believes it is the judge that would question him in court. He has no concept of what the judge might do if he entered a guilty plea and he has no clue what to discuss with his attorney regarding any plea.  The defendant's capacity to appreciate the range and

nature of possible penalties is impaired. It appears he wants to plead not guilty as he seems to know what that means, but he has no idea of possible penalties if found guilty, no idea of what sort of sentence he might be given, and no idea of where he would serve such a sentence. He does not know what prison is. The defendant's capacity to appraise available legal defenses is impaired. He cannot verbalize any sort of defense against his charge. He cannot specify any sort of outline of where the alleged conduct occurred, and does not understand the alleged conduct behaviorally. His ability to communicate facts to his attorney is impaired by his Mental Retardation as well. Also, the defendant's capacity to appraise likely outcomes is impaired. He cannot anticipate the likelihood of a guilty outcome and does not appreciate what is at stake. He really has no genuine appreciation that the court has authority over him. The defendant's capacity to communicate facts to his attorney is impaired. He can recall and recite how he got arrested, but he does not understand the meaning of the charge. He cannot verbalize to his attorney what happened, what he saw, heard or thought surrounding the conduct charged. He does not know when the alleged conduct occurred. The defendant's capacity to plan or understand legal strategy is impaired. He does not understand plea bargaining. He does not know what he can or can't do if he disagrees with his attorney. He would follow attorney instructions blindly, at best, and plead to just about anything if his attorney told him to do so. He cannot assess if his attorney is even being honest with him and does not have the capacity to discuss pleas rationally and factually with his attorney. He cannot engage in his own defense and cannot challenge prosecution witnesses. The defendant cannot testify relevantly. He cannot answer questions posed by his attorney, let alone the prosecutor. His intellectual disability makes rational communication impossible." (CR. Vol IA, Pages 16-18)

Based upon these facts and circumstances, Dr. Allen found Appellant to be incompetent due to mental retardation. (CR Vol. IA, Page 18). On October 15, 2012, the trial court then made a finding that the Appellant was mentally incompetent to stand trial, and committed the Appellant to the Rusk State Hospital. (CR. Vol. IA, Pages 9-14).

On May 14th, 2013 the North Texas State Hospital released the Appellant based on an evaluation by Gloria Bell, Ph.D., indicating that Appellant had attained competency. (CR Vol. IA, Pages 20-25)

On April 15, 2014, Appellant was re-evaluated by Dr. Thomas Allen, who made almost identical factual findings to his original evaluation. (CR Vol. I, Pages 61-65) Among these findings were:

> "That he can voluntarily and knowingly waive legal rights is highly questionable.....He does not understand what a jury is, and did not know he was the defendant. He could not discuss the function of a witness.... He has no idea as to the make-up and functioning of a jury. He has no idea as to the standard of evidence required in a felony proceeding....He has no idea as to the rights he waives by entering a guilty plea and his capacity to understand same is very limited. He has a simplistic idea what to discuss with his attorney regarding any plea in terms of how much jail time he would receive with a guilty plea....The defendant's capacity to understand court procedures is very limited He has no idea who can call him to testify and is not capable of understanding the concept of cross-examination. He does know what a prosecutor is and does not understand why he would want to question him in court aside from "to ask you questions about the situation". However he believes it is the judge that would question him in court. He has no concept of what the judge might do if he entered a guilty plea and he has no clue what to discuss with his attorney regarding any plea aside from the punishment issue....The defendant's capacity to appreciate the range and nature of possible penalties is impaired. It appears he wants to plead not guilty as he seems to know what that means, but he has no idea of possible penalties if found guilty, no idea of what sort of sentence he might be given, and no idea of where he would serve such a sentence. He does not know what prison is.... His ability to communicate facts to his attorney is impaired by his Mental Retardation. Also, the defendant's capacity to appraise likely outcomes is impaired. He cannot anticipate the likelihood of a guilty outcome and does not appreciate what is at stake. He really has no genuine appreciation that the court has authority over him. The defendant's capacity

to communicate facts to his attorney is mildly impaired. He can recall and recite how he got arrested, and he does understand the meaning of the charge. He can verbalize to his attorney what happened, what he saw, heard or thought surrounding the conduct charged. He does not know when the alleged conduct occurred. The defendant's capacity to plan or understand legal strategy is impaired. He does not understand plea bargaining. He does not know what he can or can't do if he disagrees with his attorney. He would follow attorney instructions. He cannot assess if his attorney is being honest with him and does have a marginal capacity to discuss pleas rationally and factually with his attorney. He cannot engage in his own defense and cannot challenge prosecution witnesses." (CR. Vol. I, Pages 61-65)

Based on these facts and circumstances, Dr. Allen found the Appellant competent to stand trial. (CR Vol. IA, Pages 29-32).

On August 12, 2014, the trial Court called the case and accepted a waiver of a jury trial from the Appellant. (RR Vol. I, Pages 3-4). On October 28, 2014, the Court called the case and accepted the Appellant's open plea of guilt. (RR Vol. II, Pages 3-11, and State's Exhibits 1-5). The following exchange took place concerning the Appellant's competency to stand trial:

"The Court: Mr. Holt, have you ever been treated for mental illness?
A. Yes.
The Court: Tell me about that please Mr. Holt.
Mr. Hurlburt: Judge, he is mentally retarded and has had caregivers most of his life. We will get into that in the testimony.
He was sent off to Vernon and found incompetent and was later found competent at Vernon after he had been there for several months. So he has been taking mental illness medications. He is mentally retarded.
The Court: As we stand here today, Mr. Holt, do you understand what you are charged with?
A. Yes.

The Court: Do you understand the nature and consequences of this proceeding that we are going through?

A. Yes.

The Court: You understand the roles of everyone that is involved in this case?

A. Yes.

The Court: To your right is who, please?

A.  Mr. Hurlburt.

The Court: Mr. Hurlburt is your attorney; is that correct?

A. Yes.

The Court: And do you know what his job is?

A. To defend me.

The Court: To your left, do you know the gentlemen to your left?

A. The DA.

The Court: Do you know what his job is?

A. To prosecute me.

The Court: Okay.

Do you understand what prosecuting is?

A. Yes.

The Court: Do you understand that that is his job or role?

A. Yes.

The Court: Do you understand who I am?

A. You are the Judge.

The Court: And what is my job?

A. To make sure everything is done right.

The Court: Okay.

Mr. Hurlburt, do you believe that Mr. Holt is competent to enter his plea?

Mr. Hurlburt: Judge, I have spent some time with Mr. Holt this morning with regard to the questions pertaining to what you just asked him as well and I think that he is sufficiently competent to go forward.

The Court: All right.

Mr. Holt, to the first degree felony offense of aggravated sexual assault of a child, sir, what is your plea, guilty or not guilty?

A. Guilty…”   (RR Vol. II, Pages 8-10)


The Court proceeded to hear evidence concerning Appellant's guilty plea,

and the Defense called Dr. Thomas Allen. (RR Vol. II, Page 65) Dr. Allen testified briefly concerning the Appellant's competency. Allen testified that he had done two competency and one sanity exam on Appellant, and had determined that the Appellant was incompetent during his initial evaluation in October, 2012. (RR Vol. II, Page 66) During that interview, Appellant could not provide the data to Dr. Allen to indicate that he fit competency criteria. Dr. Allen was able to learn, in the subsequent July 18th, 2014 interview of Appellant, that Vernon State Hospital had determined that his I.Q. was 54. (RR Vol. II, Page 67) Dr. Allen testified that Appellant has difficulty with simple things, and deficits in social skills- Appellant does not communicate all that well writing, speaking, and listening. (RR Vol. II, Page 70). Appellant's mental retardation is something that is permanent and will persist for Appellant's life (RR Vol. II, Page 70-71) Dr. Allen evaluated Appellant's competency after he returned from Vernon, and it was his opinion that Appellant was competent to proceed. (RR Vol. II, Page 71) Dr. Allen evaluated Appellant a second time because with mental retardation, he could not be sure of how long Appellant would retain what he learned in Vernon. (RR Vol. II, Page 72).

After the parties closed and argued, the Court assessed the Appellant's punishment at 25 years in the Texas Department of Corrections. (RR Vol. II, Page

87).  Nothing within the Court's judgment makes any finding concerning

Appellant's competency (CR Vol. I, Pages 79-80)


## ISSUE NUMBER ONE

Did the Court commit reversible error when it proceeded to put the

Appellant to trial without making a finding that he was competent when Appellant

had previously been found to be incompetent to stand trial?


## SUMMARY OF ARGUMENT

Under the Due Process Clause of the Fourteenth Amendment to the United

States Constitution, a trial Court may not accept a criminal defendant's plea of

guilt unless the Defendant is legally competent to make such a plea.    Once a

defendant has been found incompetent, he is presumed to be incompetent to stand

trial until it has been determined in accordance with the law that he is competent

to stand trial.    Texas Code of Criminal Procedure Article 46B.084 requires that

the Court make a determination with regard to a Defendant's competency before

criminal proceedings against him may be resumed.  Because the Appellant had

already been found to be incompetent and committed to Vernon State Hospital, the

trial Court committed reversible error when it resumed proceedings against the Appellant without making the required findings.

## ARGUMENT

The applicable law is succinctly stated in <u>Cooper v. State,</u> 333 S.W.3d 859 (Tex.App.–Fort Worth 2010, pet. ref'd) :

> " Under the Due Process Clause of the Fourteenth Amendment, a trial court may not accept a criminal defendant's guilty plea unless that defendant is legally competent to make such a plea. See <u>Godinez v. Moran</u>, 509 U.S. 389, 400, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321 (1993). And once a defendant has been adjudged incompetent, "on the return of a defendant to the court, the court shall make a determination with regard to the defendant's competency to stand trial." **Tex.Code Crim. Proc. Ann.** art. 46B.084(a) (Vernon Supp.2010); see also <u>Bradford v. State,</u> 172 S.W.3d 1, 4–6 (Tex.App.-Fort Worth 2005)."

Once a defendant is found incompetent, he is presumed to be incompetent to stand trial "until it has been determined in accordance with the law that he is competent to stand trial." <u>Schaffer v. State,</u> 583 S.W.2d 627, 630 (Tex.Crim.App. [Panel Op.] 1979) (op. on reh'g). The burden is then on the State to prove beyond a reasonable doubt that the Defendant is competent. <u>Manning v. State,</u> 730 S.W.2d 744, 748 (Tex.Crim.App. 1987). The record must contain a judgment, order, docket entry, or other evidence that the trial court actually made a determination of competency. <u>Cooper</u> at 862; <u>Schaffer</u> at 631. Letters from a psychiatrist or psychiatric

evaluations containing recitations of competency are evidentiary only; they cannot operate as a substitute for a judicial fact finding of a defendant's competency to stand trial. Bradford at 5, Fuller v. State, 11 S.W.3d 393, 395 (Tex.App.-Texarkana 2000).

Based on Dr. Allen's evaluation dated October 13, 2012 the trial court made a finding that the Appellant was mentally incompetent to stand trial, and committed the Appellant to the State Hospital. (CR Vol. IA, Page 18) (CR. Vol. IA, Pages 9-14). As such, the Appellant was presumed incompetent from this point forward. Schaffer at 630. On May 14th, 2013 the North Texas State Hospital released the Appellant based on an evaluation by Gloria Bell, Ph.D., indicating that Appellant had attained competency. (CR Vol. IA, Pages 20-25) On April 15, 2014, Appellant was re-evaluated by Dr. Thomas Allen, who, although he made a number of findings strongly suggesting that the Appellant lacked competence to proceed (CR Vol. I, Pages 61-64), concluded that Appellant was competent. (CR Vol. I, Page 65) These letters/psychiatric evaluations were only evidentiary, however, and although a Court could make a determination of competency based only on the filing of such a report, the Court must still make a judicial determination of competency. Bradford at 5, Fuller at 395, Cooper at 862. Although the Court questioned Appellant in a cursory way

on the issue of competency *after* it had already proceeded to accept his waiver of jury trial ( RR Vol. I, Page 3-4) (RR Vol. II, Pages 8-10), and received testimony from Dr. Thomas Allen concerning competency (RR Vol II, Pages 65-72), nothing in either the Clerk's Record or the Reporter's Record reflects that the Court made a finding of any kind about whether the Appellant was competent. Because the law requires a judicial determination that the Appellant had been restored to competency to stand trial, the Court erred by proceeding to accept a waiver of jury trial on August 12th, 2014 and in proceeding to accept the Appellant's plea on October 28th.  Bradford at 5.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the undersigned respectfully requests that the Court review the foregoing point of error, reverse and remand this case for a new trial to determine competency, and grant such other relief to which the Appellant is entitled.

RESPECTFULLY SUBMITTED,

SCOTT RECTENWALD
110 W. Fannin
Marshall, Texas 75670
(903) 938-3300
(903) 938-3310- FAX

/S/ Scott Rectenwald
 Scott Rectenwald
SBOT # 00794510

Certificate of Service

The undersigned hereby certifies that a true and correct copy of the

foregoing Brief was delivered to the office of the Prosecutor on April 7, 2015.

/S/ Scott Rectenwald

-

Certificate of Compliance with T.R.A.P 9.4(i)(3)

The undersigned hereby certifies Compliance with T.R.A.P 9.4(i)(3), and that the

number of words in this document is 3416.

/S/ Scott Rectenwald