ACCEPTED
06-15-00006-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/4/2015 1:00:19 PM
DEBBIE AUTREY
CLERK

No. 06-15-00006-CR

IN THE COURT OF APPEALS

FOR THE

SIXTH JUDICIAL DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
5/4/2015 1:00:19 PM
DEBBIE AUTREY
Clerk

MICHAEL DUANE HOLT,

Appellant

V

THE STATE OF TEXAS

Appellee

APPEALED FROM THE 71st DISTRICT COURT

HARRISON COUNTY, TEXAS

TRIAL COURT CAUSE #12-0381X

BRIEF OF STATE

COKE SOLOMON
CRIMINAL DISTRICT ATTORNEY
HARRISON COUNTY, TEXAS
P.O. BOX 776
MARSHALL, TEXAS 75671
(903) 935-8408

BY:   SHAWN ERIC CONNALLY
ASSISTANT CRIMINAL DISTRICT ATTORNEY
BAR #24051899
ATTORNEY FOR THE STATE

APPELLEE DOES NOT REQUEST ORAL ARUGMENT

i

No. 06-15-00006-CR

MICHAEL DUANE HOLT
Appellant

V

THE STATE OF TEXAS
Appellee

---

**NAMES OF ALL PARTIES AND ATTORNEYS**

---

The names and identifying information of all parties and attorneys were correctly stated in Appellant's brief.

# TABLE OF CONTENTS

NAMES OF ALL PARTIES AND ATTORNEYS ......................................................... ii

INDEX OF AUTHORITIES.................................................................................... iv

PRELIMINARY STATEMENT OF THE NATURE OF THE CASE .........................................1

      STATE'S REPLY ISSUE ONE: …………………………………1
The trial court did not commit reversible error because the judgment in
Appellant's case reflects a finding by the trial court that Appellant was mentally
competent to stand trial and the record reflects that the trial court had the
opportunity to consider Appellant's competence before accepting his guilty plea

GENERAL STATEMENT OF THE FACTS.................................................................1

ARGUMENTS AND AUTHORITIES......................................................................2
      SUMMARY OF THE ARGUMENT REPLY ISSUE ONE .............................................2
          ARGUMENTS AND AUTHORITIES REPLY ISSUE ONE...............................3

PRAYER...........................................................................................................5

CERTIFICATE OF SERVICE .................................................................................5

# INDEX OF AUTHORITIES

**CASES:**

Cooper v State, 333 S.W. 3d 859 (Tex.App.-Fort Worth 2010, pet. ref'd)…………………….....3

Godinez v. Moran, 509 U.S. 389, 400, 113 S.Ct. 2680, 2687, 125 L.ed.2d 321 (1993)…………3

Bradford v. State, 172 S.W.3d 1, 406 (Tex.App.-Fort Worth 2005)…………………….…….3

Schaffer v. State, 583 S.W.2d 627, 630 (Tex.Crim.App. [Panel Op.] 1979) (op. on reh'g)….….3

Montoya v State, 291 S.W.3d 420, 426 (Tex.Crim.App.2009)…………………………….…4

Balentine v. State, 09-09-00354-CR, 2011 WL 2732146 (Tex.App.-Beaumont 2011, rev'd on other grounds)……………………………………………………………………………………4

**STATUTES:**

Tex. Code Crim. Proc. Ann. Art. 46B.084(a) (Vernon Supp. 2010)……………………………..3

## PRELIMINARY STATEMENT OF THE NATURE OF THE CASE

Appellant's preliminary statement of the case is correct.


## STATE'S REPLY POINT ONE

The trial court did not commit reversible error because the judgment in Appellant's case reflects a finding by the trial court that Appellant was mentally competent to stand trial and the record reflects that the trial court had the opportunity to consider Appellant's competency to stand trial before accepting his guilty plea.


## STATEMENT OF THE FACTS

Appellant was indicted on a single count of aggravated sexual assault of a child (CR Vol. I, Page 5). Prior to indictment, trial counsel for Appellant filed a motion suggesting that Appellant was incompetent (CR. Vol IA, Page 4).

Pursuant to an order of the 71st District Court, Dr. Thomas Allen evaluated the Appellant on Oct 3, 2012 and based on his evaluation found Appellant to be incompetent to stand trial (CR Vol IA, Page 15-19). On October 15, 2012, the trial court made a finding that Appellant was mentally incompetent to stand trial, and committed the Appellant to Rusk State Hospital (CR. Vol. IA, Pages 9-14).

On May 14th, 2013 the North Texas State Hospital released the Appellant based on an evaluation by Gloria Bell, Ph.D., indicating that Appellant had attained competency (CR Vol. IA Pages 20-25).

On April 15th, 2014, Appellant was re-evaluated by Dr. Thomas Allen who found Appellant competent to stand trial (CR Vol. I, Pages 61-65).

On October 28th, 2014 the trial court called the case and accepted the Appellant's open plea of guilt (RR Vol. II, Pages 3-11) and state's exhibits 1-5 (CR. Vol. I, Pages 70-79). The trial judge then had an opportunity to consider Appellant's competency to stand trial and the voluntariness of his plea. (RR. Vol II, Pages 3-11). State's exhibit 2 reflects signatures by the defendant and defense counsel claiming the defendant is mentally competent to stand trial. (CR. Vol I, Page 73).

Dr. Thomas Allen was called by the defense (RR. Vol. II, Page 65). It was Dr. Allen's opinion that Appellant was competent to stand trial (RR. Vol. II, Page 71).

At the conclusion of testimony and argument the court assessed that Appellant's punishment at 25 years in the Texas Department of Corrections (RR Vol. II, Page 87).

The final paragraph on page 1 in Appellant's judgment in this case contains the following finding by the trial court: "It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea." (CR Vol. I, Page 79)


## ARGUMENTS AND AUTHORITIES

### SUMMARY OF THE ARGUMENT REPLY POINT ONE

While it is true that defendant was originally found incompetent to stand trial, in this case the defendant was found competent to stand trial by Dr. Gloria Bell and Dr. Thomas Allen after being revaluated subsequent to the finding of incompetency, and the trial court had the

opportunity to consider Appellant's competence before trial and it admonished Appellant with both the voluntariness of his plea and his competency to stand trial before accepting his plea (RR Vol. II, Pages 3-11), Appellant and counsel acknowledge he was competent to stand trial in state's exhibit 2 (CR. Vol. I, Page 73). Furthermore, the judgment in this case reflects such a finding of competency to stand trial. (CR Vol. I, Page 79)

## ARGUMENTS AND AUTHORITIES REPLY POINT ONE

While Appellant correctly states the law in his brief, the state respectfully disagrees with the way Appellant applied to the law to the facts of this case.

The state agrees with Appellant that the applicable law is correctly stated in Cooper v. State, 333 S.W.3d 859 (Tex.App.-Fort Worth, pet. ref'd):

> "Under the Due Process Clause of the Fourteenth Amendment, a trial court may not accept a criminal defendant's guilty plea unless that defendant is legally competent to make such a plea. See Godinez v. Moran, 509 U.S. 389, 400, 113 S.Ct. 2680, 2687, 125 L.ed.2d 321 (1993). And once a defendant has been adjudicated incompetent, "on the return of a defendant to the court, the court shall make a determination with regard to the defendant's competency to stand trial." Tex. Code Crim. Proc. Ann. Art. 46B.084(a) (Vernon Supp.2010); see also Bradford v. State, 172 S.W.3d 1, 406 (Tex.App.-Fort Worth 2005)."

Once a defendant is found incompetent, he is presumed to be incompetent to stand trial "until it has been determined in accordance with the law that he is competent to stand trial." Schaffer v. State, 583 S.W.2d 627, 630 (Tex.Crim.App. [Panel Op.] 1979) (op. on reh'g).

3

The record must contain a judgment, order, docket entry, or other evidence that trial court actually made a determination of competency. Cooper at 862; Schaffer at 631.

The standard of review for this case is correctly stated in Montoya v State, 291 S.W.3d 420, 426 (Tex.Crim.App.2009) (stating that the standard of review for a competency determination is abuse of discretion because "those who observed the behavior of the defendant at the hearing were in a better position to determine whether he was presently competent")

The Appellant would liken the facts of this case to the facts in Bradford where there was "no judgment, order, docket sheet entry, or other statement or evidence showing the trial court made a determination that Bradford had regained competency" Bradford at 5. However, the state argues the facts of this care are directly on point to the facts in Cooper. As in Cooper, the trial court in Appellant's case inquired into Appellant's competency to stand trial (RR. Vol II, Pages 3-11), the trial court admonished Appellant before accepting his plea (RR. Vol II, Pages 3-11), and the judgment in Appellant's case reflects such a find of competency (CR Vol. I, Page 79).

The court in Balentine v. State, 09-09-00354-CR, 2011 WL 2732146 (Tex.App.-Beaumont 2011, rev'd on other grounds) reached a similar conclusion as the court in Cooper. In Balentine, the court concluded that based on: "the judgement and observation reflected in the record" Balentine at 1, that the record was sufficient to show a determination of competency before the trial judge.

There is more than enough evidence in this case to support the trial court's finding of Appellant's competency to stand trial as reflected by the record, the court's judgment in this case, as well as the plea paperwork in state's exhibit 1 – 5.

Appellant's Issue One should be overruled.

4

**PRAYER**

The trial court having committed no reversible error, the state respectfully prays this Court affirm the verdict and judgment of the court below.

Respectfully Submitted
Coke Solomon
Criminal District Attorney
Harrison County, Texas


By: /s/ Shawn Eric Connally
_____

Shawn Eric Connally        Assistant
Criminal District Attorney
Bar #24051899


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Brief of the Appellee has been faxed to the attorney for Appellant, Scott Rectenwald, this 4th day of May, 2015.


/s/ Shawn Eric Connally
_____

Shawn Eric Connally


**CERTIFICATE OF COMPLIANCE**

I hereby certify compliance with T.R.A.P 9.4(i)(3), and that the number of words in this document is 1471.

/s/ Shawn Eric Connally
_____

Shawn Eric Connally

5