# NO. 12-13-00236-CR
## 12-13-00237-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT GORDON BULLOCK,*<br>*APPELLANT* | § | *APPEAL FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Robert Gordon Bullock appeals his two convictions for aggravated sexual assault of a child, for which he was sentenced to imprisonment for twenty years for each offense. Appellant raises four issues on appeal. We affirm.

### BACKGROUND

Appellant was charged by separate indictments with two counts of aggravated sexual assault of a child. Thereafter, Appellant filed a motion suggesting that he was incompetent to stand trial and requested a mental evaluation. In response, the trial court ordered that Appellant be examined to determine whether he was competent to stand trial.

On March 10, 2005, Appellant filed a Notice of Psychological Assessment, which included the written Psychological Assessment & Competency Evaluation of Sarah Jones, M.A., of the Burke Center. On March 18, 2005, the trial court found Appellant was incompetent to stand trial and ordered that he be committed to a mental facility or hospital.

On December 19, 2005, the trial court ordered that Appellant be examined regarding his mental state at the time of the commission of the alleged offense. In response to this order, the trial court received a report from F. Gary Mears, Ph.D., Psy., D., M.S. Psy. Pharm., in which Mears concluded that Appellant was not insane at the time of the alleged offense.

On January 13, 2006, the trial court conducted plea proceedings pertaining to Appellant's causes. Before taking Appellant's pleas, the trial court found that Appellant was competent to stand trial based on Mears's report. Thereafter, Appellant pleaded "guilty" as charged in each cause. The trial court deferred finding Appellant guilty and placed him on community supervision for ten years.

Subsequently, the State filed Motions to Proceed with an Adjudication of Guilt against Appellant. By its motions, the State alleged that Appellant had failed to comply with multiple terms and conditions of his community supervision related to each offense.

On July 15, 2010, the trial court conducted a hearing on the State's motions. Appellant pleaded "true" to two allegations pertaining to his failing to make certain required payments,[1] but pleaded "not true" to the remaining allegations in the State's motions. Following the presentation of evidence, the trial court found all of the allegations in each of the State's motions to be "true," revoked Appellant's community supervision, and adjudicated him "guilty" as charged in each cause.

On July 26, 2010, the trial court ordered that Appellant be re-examined with regard to his competency to stand trial. In response, the trial court received a letter filed on September 2, 2010, dictated by Edward B. Gripon, M.D., P.A. on August 22, 2010, in which he concluded that Appellant was competent to stand trial.

The trial court conducted a punishment hearing on November 10, 2010. On November 15, 2010, the trial court sentenced Appellant to imprisonment for twenty years in each cause. This appeal followed.

<u>**COMPETENCY TO STAND TRIAL**</u>

In his first issue, Appellant argues that the trial court erred in accepting his "guilty" pleas and, later, following the revocation proceedings, adjudicating him "guilty," because he was not competent to stand trial when those proceedings transpired.

Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, a trial court may not accept a criminal defendant's "guilty" plea unless the defendant is legally competent to make such a plea. *See **Godinez v. Moran***, 509 U.S. 389, 400, 113 S. Ct. 2680, 2687, 125 L. Ed. 2d 321 (1993). The requirement that a defendant be competent applies at

---

[1] These two allegations related only to one of the causes for which Appellant was placed on community supervision.

2

revocation proceedings as well. *See Reeves v. State*, 46 S.W.3d 397, 399 (Tex. App.–Texarkana 2001, pet. dism'd). It is the constitutional duty of each state to provide reasonable procedures to address the issue of competency. *Medina v. California*, 505 U.S. 437, 449–50, 112 S. Ct. 2572, 2579–80, 120 L. Ed. 2d 353 (1992). Further, a defendant whose competence is in doubt cannot be deemed to have expressly or implicitly waived his right to such procedures. *See id.*, 505 U.S. at 449, 112 S. Ct. at 2579; *Pate v. Robinson*, 383 U.S. 375, 384, 86 S. Ct. 836, 841, 15 L. Ed. 2d 815 (1966).

Texas Code of Criminal Procedure, Article 46B.084 requires that, after a defendant has been adjudicated incompetent to stand trial and has been criminally committed to a mental hospital, the trial court must make a judicial determination that the defendant has regained competency before the criminal proceedings against him may be resumed. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.084(a), (d) (West Supp. 2014); *Bradford v. State*, 172 S.W.3d 1, 4–6 (Tex. App.–Fort Worth 2005, no pet.). When the head of a mental health facility discharges a committed defendant to the trial court, the trial court may, absent timely objection, make a competency determination based on the report filed by the head of the facility where the defendant had been committed and on other medical information or personal history information relating to the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.084(a); *Bradford*, 172 S.W.3d at 5. "If the defendant is found competent to stand trial, criminal proceedings against the defendant may be resumed." TEX. CODE CRIM. PROC. ANN. art. 46B.084(d); see *Bradford*, 172 S.W.3d at 4–5.

Under Article 46B.084, once a defendant is found incompetent, he is presumed to be incompetent to stand trial until it has been determined in accordance with the law that he is competent to stand trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.084(a), (d); *Bradford*, 172 S.W.3d at 4. As a result, appellate courts may not construe a trial court's decision to resume proceedings against a defendant to include an implied finding of competency. *See Schaffer v. State*, 583 S.W.2d 627, 630 (Tex. Crim. App. 1979) (requiring additional evidence that trial court made competency finding); *see also Bradford*, 172 S.W.3d at 5 (same). Expert evaluations containing recitations of competency cannot operate as a substitute for a judicial fact finding of a defendant's competency to stand trial. *See Schaffer v. State*, 583 S.W.2d 627, 631 (Tex. Crim. App. 1979) (op. on reh'g) (holding that expert report filed in record was evidence of competency, not evidence the trial court made a finding of competency); *see also Bradford*, 172 S.W.3d at 5 (same).

In the instant case, Appellant bases his argument on the trial court's March 18, 2005 order finding him to be incompetent to stand trial. Appellant contends that, as a result of this finding, he was thereafter presumed to be incompetent. Thus, Appellant continues, there was no basis for the trial court's subsequent finding to the contrary since, in his report, Mears opined on Appellant's sanity, but not on his competency. As a result, Appellant argues his "guilty" pleas and resulting convictions are void.

The fact remains, however, that the trial court expressly found Appellant to be competent to stand trial before accepting his "guilty" pleas. And Appellant made no objection to the trial court's finding that he was competent, nor did he subsequently move to have his competency reevaluated. The failure of a defendant to object to a resumption in the proceedings where the trial court fails to make a finding that he is competent does not waive a defendant's right to appeal the resumption of proceedings. *See Bradford*, 172 S.W.3d at 6. But when the trial court does make a finding that Appellant is competent, he must object to preserve a complaint for appellate review that the trial court failed to follow the requirements of Article 46B.084. *See Hewitt v. State*, No. 12-08-00068-CR, 2009 WL 765308, at *3 (Tex. App.–Tyler Mar. 25, 2009, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 33.1; *cf. Bradford*, 172 S.W.3d at 6).

As a result of the trial court's finding, Appellant was thenceforth presumed to be competent to stand trial. *Cf.* TEX. CODE CRIM. PROC. ANN. 46B.003(c) (West 2006) (defendant presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence). Appellant does not argue that the trial court erred by not sua sponte reinvestigating his competency during the course of the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(b) (West Supp. 2014). And the presumption on which Appellant now relies was no longer in existence at the time of the hearing on the State's motion to revoke or at the subsequent sentencing hearing.

Moreover, the trial court ordered an additional evaluation of Appellant to determine his competency prior to pronouncing his sentences. *See Hewitt*, 2009 WL 765308, at *3 (competency finding made within a reasonable time after plea hearing) (citing *Schaffer*, 583 S.W.2d at 631 (op. on reh'g)). And while Appellant argues on appeal that Gripon's report does not demonstrate that he conducted a thorough evaluation, Appellant made no such argument to the trial court. *See* TEX. R. APP. P. 33.1. To the contrary, Appellant's trial counsel stated to the trial court that he had

4

reviewed the report and was "satisfied" with it. Therefore, we hold that by his failure to challenge the trial court's finding on his competency at the plea proceeding or subsequently raising the issue of his competency to the trial court, Appellant failed to preserve the issue he now raises. Appellant's first issue is overruled.

**ADMISSION OF VIDEOS AND RELATED EVIDENCE**

In his second issue, Appellant argues that the trial court erred in admitting into evidence at the adjudication hearing (1) certain videos, (2) the redacted/edited versions of these videos created by the State, and (3) other related evidence, because the State failed to provide a valid foundation demonstrating a proper chain of custody.

## Standard of Review

A trial court has considerable discretion in determining whether to exclude or admit evidence. *See Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990); *State v. Dudley*, 223 S.W.3d 717, 724 (Tex. App.–Tyler 2007, no pet.). Absent an abuse of discretion, we will not disturb a trial court's decision to admit or exclude evidence. *See Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). We will uphold the trial court's ruling if it was within the zone of reasonable disagreement. *See Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *see also Martin*, 176 S.W.3d at 467 (holding judgment must be upheld if ruling was correct on any theory of law applicable to case in light of what was before trial court at time ruling was made).

## Preservation of Error and Affirmative Waiver

The record must demonstrate that Appellant lodged a timely objection stating the specific grounds for the ruling desired unless the grounds are apparent from the context of the objection. *See* TEX. R. APP. P. 33.1(a). A party "must object each time the inadmissible evidence is offered or obtain a running objection." *Mitchell v. State*, 191 S.W.3d 219, 224 (Tex. App.–San Antonio 2005, pet. ref'd); *see Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (error in admission of evidence cured where same evidence comes in elsewhere without objection). Further, when the state offers evidence and a defendant affirmatively states that he has "no objection" to its admission, he waives any claim on appeal that the trial court erred in admitting that evidence. *See Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008).

In the instant case, the State sought to elicit testimony concerning video tapes seized from Appellant's residence. Appellant objected to the admissibility of these videos and testimony concerning them because "a proper chain of custody has not been established." The trial court took the matter under advisement, but did not rule on Appellant's objection at that time. Subsequently, the State sought to admit eleven exhibits consisting of photographs of video tapes and books seized from Appellant's home. Appellant stated that he had "no objection" to the admission of these exhibits. Later, the State sought to admit three exhibits consisting of DVDs created by the State containing a redacted/edited version of several videos seized from Appellant's residence as well as the source videos from which the State-created DVDs were derived. Again, Appellant stated that he had "no objection" to the admission of these exhibits.[2] Therefore, because immediately prior to the trial court's admitting the evidence in question Appellant affirmatively stated that he had "no objection" to its admission, we hold that he waived any claim on appeal that the trial court erred in admitting the same. *See Holmes*, 248 S.W.3d at 200. Appellant's second issue is overruled.

## REVOCATION OF COMMUNITY SUPERVISION

In his fourth issue, Appellant contends that the trial court erred in revoking his community supervision because the evidence is insufficient to support the revocation. The only question presented in an appeal from an order revoking community supervision is whether the trial court abused its discretion in revoking the defendant's community supervision. *See Lloyd v. State*, 574 S.W.2d 159, 160 (Tex. Crim. App. [Panel Op.] 1978). The standard of proof in a revocation proceeding is a preponderance of the evidence. *Id.* To satisfy its burden of proof, the state must prove that the greater weight of the credible evidence before the trial court creates a reasonable belief that a condition of community supervision has been violated as alleged in the motion to revoke. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof of a single violation is sufficient to support a revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

Here, among the terms of Appellant's community supervision the State alleged he violated was that Appellant not utilize cable or satellite television access unless approved in

---

[2] During a previous discussion of the redacted/edited video, Appellant stated that he wanted the trial court to see the video. Moreover, Appellant stipulated that each of the videos found in Appellant's possession belong to Appellant.

advance by the community supervision officer and, if approved, Appellant must provide a written, itemized verification of these services received on a monthly basis. In the State's motion, it alleged that Appellant intentionally and knowingly failed to submit cable service bills for the months of September, October, November, and December 2009.

The evidence presented at the hearing on the State's motion to revoke indicated that when Appellant's community supervision officer and a law enforcement officer visited Appellant at his residence, they saw that there was satellite service at the residence. Appellant's community supervision officer testified that Appellant and his sister, who lived at the residence with Appellant, confirmed that there was satellite television service at the residence. Appellant's community supervision officer further testified that Appellant did not request permission to have this television service, nor did he submit any bills to demonstrate his receipt of this service. Moreover, Appellant testified that he forgot to supply his cable services bills to the community supervision department for September, October, November, and December 2009.

Based on our review of the record, we conclude that the greater weight of the credible evidence before the trial court created a reasonable belief that Appellant violated this condition of his community supervision as alleged in the State's motion to revoke. Although Appellant's trial counsel sought to differentiate some of the State's allegations as "technical" violations, such a contention does not serve to excuse the violations. Therefore, we hold that the trial court did not abuse its discretion by revoking Appellant's community supervision and adjudicating him "guilty" of two counts of aggravated sexual assault of a child. Appellant's fourth issue is overruled.[3]

### DISPOSITION

Having overruled Appellant's first, second, and fourth issue, we ***affirm*** the trial court's judgments.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 13, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[3] In his third issue, Appellant argues that there is insufficient evidence to support that he violated a separate term and condition of his community supervision. Because proof of a single violation is sufficient to support a revocation, *see Garcia*, 387 S.W.3d at 26, and as a result of our resolution of Appellant's fourth issue, we do not address Appellant's third issue. *See* TEX. R. APP. P. 47.1



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 13, 2014**

**NO. 12-13-00236-CR**

**ROBERT GORDON BULLOCK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 123rd District Court

of Shelby County, Texas (Tr.Ct.No. 04CR16,244)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 13, 2014**

**NO. 12-13-00237-CR**

**ROBERT GORDON BULLOCK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 123rd District Court

of Shelby County, Texas (Tr.Ct.No. 04CR16,243)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*