

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00065-CR

**GEORGE ANTHONY SPRATT, JR.,**

          **Appellant**

**v.**

**THE STATE OF TEXAS,**

          **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2020-1482-C2

## MEMORANDUM OPINION

Appellant, George Anthony Spratt Jr., was convicted of one count of continuous trafficking of persons and one count of possession of child pornography. *See* TEX. PENAL CODE ANN. §§ 20A.03, 43.26. The jury assessed punishment at fifty years in prison for the count of continuous trafficking of persons and fifteen years in prison for the count of possession of child pornography. The trial court ordered the sentences to run concurrently.

In three issues on appeal, Spratt challenges his convictions, arguing that: (1) this case should be abated and remanded for the trial court to determine whether he regained competency before the criminal proceedings resumed following his commitment for mental-health treatment; (2) the evidence is insufficient to prove that he trafficked a person either as a principal or as a party; and (3) the trial court abused its discretion by excluding the testimony of a defense witness. Because we overrule all of Spratt's issues, we affirm.

## Competency

In his first issue, Spratt asserts that this case must be abated and remanded to the trial court because the trial court failed to make a determination that he regained competency before criminal proceedings resumed following his commitment for mental-health treatment.

APPLICABLE LAW

Pursuant to article 46B.003(b) of the Texas Code of Criminal Procedure, a criminal defendant is presumed competent to stand trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(b). However, once a defendant is found to be incompetent, he is presumed to be incompetent to stand trial until "it has been determined in accordance with the law that he is competent to stand trial." *Schaffer v. State*, 583 S.W.2d 627, 630 (Tex. Crim. App. [Panel Op.] 1979); *accord Bradford v. State*, 172 S.W.3d 1, 4 (Tex. App.—Fort Worth 2005, no pet.).

When, as in this case, the head of the state hospital to which a defendant has been committed notifies the committing court that the defendant has attained competency to stand trial, the trial court must make a determination regarding the defendant's competency and may do so based solely on the hospital report. TEX. CODE CRIM. PROC. ANN. arts. 46B.080(b)(1), 46B.084(a). If the defendant is found competent to stand trial, criminal proceedings may be resumed. *Id.* art. 46B.084(d); *see Bradford*, 172 S.W.3d at 4-5. It is well settled that the conviction of an accused person while he is legally incompetent to stand trial violates due process. *Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013).

The record must reflect that the trial court made a determination of competency. *Cooper v. State*, 333 S.W.3d 859, 862 (Tex. App.—Fort Worth 2010, pet. ref'd) (citing *Schaffer*, 583 S.W.2d 627, 631 (Tex. Crim. App. 1979) (op. on reh'g)). In *Schaffer*, the Texas Court of Criminal Appeals explained that the transcript "failed to show us any judgment, order, docket sheet entry, or other evidence that the court ever made a determination of competency after the appellant's return from the State hospital." *Schaffer*, 583 S.W.2d at 631. Similarly, in *Bradford*, the Fort Worth Court of Appeals noted that the record did not contain any of those items. *See Bradford*, 172 S.W.3d at 5. Accordingly, the *Bradford* court abated the appeal and remanded the case to the trial court to make a judicial determination regarding competency at the time of the adjudication hearing. *Id.* at 5-6; *see, e.g., Johnson v. State*, Nos 2-05-205-CR & 2-05-206-CR, 2006 Tex. App. LEXIS 8020, at

*17 (Tex. App.—Fort Worth June 22, 2006, order) (not designated for publication) (abating an appeal and remanding to the trial court to make a judicial determination regarding appellant's competency at the time of his trial where the record did not show that the trial court "made a subsequent written determination finding appellant competent to stand trial").[1]

DISCUSSION

Here, the judgment of conviction expressly states that: "Both parties announced ready for trial. It appeared to the Court that Defendant was mentally competent to stand trial. A jury was selected, impaneled, and sworn, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record." The trial court's conclusion about Spratt's competency could have been based on the letter from Chief Psychiatrist Dr. Pamela Olsson from the North Texas State Hospital-Vernon Campus and an accompanying "Trial Competency Evaluation" conducted by Licensed Psychologist Lisa Y. Kan, Ph.D., both of whom concluded that Spratt was competent to stand trial.

---

[1] The *Johnson* court also rejected arguments that: (1) appellant forfeited his complaint about the trial court's failure to make a written determination that he was competent to stand trial by not objecting in the trial court; and (2) the trial court made an implicit finding that appellant was competent by resuming the trial. *See, e.g., Johnson v. State*, Nos. 2-05-205-CR & 2-05-206-CR, 2006 Tex. App. LEXIS 8020, at **16-19 (Tex. App.—Fort Worth June 22, 2006, order) (not designated for publication) ("A trial court's mere resumption of a criminal defendant's trial, without the defendant's objection, following an adjudication of incompetency and subsequent notification by the head of the state hospital that the defendant has been found competent to stand trial, does not suffice as a judicial determination that the defendant has attained competency to stand trial." (internal citations omitted)); *see also Bradford v. State*, 172 S.W.3d 1, 6 (Tex. App.—Fort Worth 2005, no pet.) (noting that because the trial court has a statutory duty to determine a criminal defendant's competency before resuming criminal proceedings against him, a complaint that the trial court neglected to make this determination cannot be forfeited by the defendant's failure to raise it in the trial court).

Neither party objected to Dr. Olsson's letter or Dr. Kan's evaluation. Furthermore, the record reflects that Spratt appeared before the trial court for arraignment on the charges contained in the indictment. Spratt indicated that he understood what he was charged with and that he had the right to plead guilty, not guilty, or no contest. At the conclusion of his conversation with the trial judge, Spratt pleaded not guilty to all the charges against him. Therefore, considering the record before us, we conclude that the record shows a determination of Spratt's competency by the trial judge. *See Schaffer*, 583 S.W.2d at 631; *Cooper*, 333 S.W.3d at 862; *Balentine v. State*, No. 09-09-00354-CR, 2011 Tex. App. LEXIS 5335, at *3 (Tex. App.—Beaumont July 13, 2011) (concluding that abatement for a finding from the trial court about the defendant's competency was not necessary because the judgment expressly stated that it "appeared to the Court that Defendant was mentally competent," and because the trial court observed the defendant communicating with his attorney), *rev'd on other grounds*, No. PD-1102-11, 2012 Tex. Crim. App. Unpub. LEXIS 899 (Tex. Crim. App. Sept. 12, 2012) (not designated for publication). As such, "[t]here is no need to abate the appeal for a finding from the trial court." *Balentine*, 2011 Tex. App. LEXIS 5335, at *3. We overrule Spratt's first issue.

**Exclusion of Testimony of a Defense Witness**

In his third issue, Spratt contends that the trial court abused its discretion by excluding the testimony of defense witness Micah Prather during the guilt-innocence phase of trial. We disagree.

STANDARD OF REVIEW

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). When considering a trial court's decision to admit or exclude evidence, we will not reverse the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Id.* at 391; *see Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

DISCUSSION

Prather testified outside the presence of the jury that co-defendant Willie Davis was his neighbor. Prather denied knowing or seeing Spratt. Prather also denied ever seeing Spratt at Davis's house. However, Prather noted that Davis was aggressive and put him in a position to commit the offense of indecency with a child for which Prather was charged. Prather also described an incident where he and Davis gave "each other massages" while showering together.

The State objected to Prather's testimony on relevance grounds. Defense counsel argued that the testimony was relevant to describe Davis's course of conduct and of what was going on at the house where the crimes involving Spratt were alleged to have occurred.

Under Texas Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact of consequence "more or less probable than it would be without the evidence." TEX. R. EVID. 401. "Evidence need not by itself prove or disprove a particular fact to be relevant; it is sufficient if the evidence provides a small nudge toward proving or disproving some fact of consequence." *Stewart v. State*, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004).

We find no error in the exclusion of Prather's testimony. Spratt was charged with possession of child pornography and continuous trafficking of persons. For the trafficking charge, Spratt was charged as a principal and under the law of parties. The fact that Davis was the "leader" in the commission of the offense was not a defense to either charge. No evidence was presented that Spratt was forced to commit any of his actions under duress or out of necessity. The fact that Davis took advantage of the close relationship he had with Prather does not prove or disprove a fact of consequence as to Spratt. Because Prather's testimony was not relevant to any issue that was to be decided by the jury, we cannot say that the trial court abused its discretion by excluding Prather's testimony.

And even if it was error to exclude Prather's testimony, we cannot say that Spratt was harmed. The admission or exclusion of evidence is non-constitutional error that is reversible only if that error affected Spratt's substantial rights to a fair trial. *See* TEX. R. APP. P. 44.2(b); *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010). A substantial

right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Coble*, 330 S.W.3d at 280. But, if the improperly admitted or excluded evidence did not influence the jury or had but a slight effect upon its deliberations, such non-constitutional error is harmless. *Id.* In performing a harm analysis, we consider "everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000); *see Schmutz v. State*, 440 S.W.3d 29, 39 (Tex. Crim. App. 2014) ("In assessing the likelihood that the jury's decision was adversely affected by the error, an appellate court considers everything in the record. This includes testimony, physical evidence, jury instructions, the State's theories and any defensive theories, closing arguments, and voir dire, if applicable." (citing *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002))).

Defense counsel sought to use Prather's testimony to show Davis's course of conduct and, in particular, Davis's ability to influence Spratt to participate in these offenses. Spratt called his two sisters, Tanya McDonald and Shelia Clayton, who were also related to Davis and who testified that Davis was domineering, pushy, and bossy and that Spratt was a submissive individual. Spratt's sisters also testified about Spratt's traumatic brain injury he sustained when he was a baby and that they thought he would do whatever Davis told him to do, especially if Davis provided Spratt with alcohol.

Prather's testimony was substantially similar to or cumulative of the testimony provided by Spratt's sisters. *See Womble v. State*, 618 S.W.2d 59, 62 (Tex. Crim. App. 1981) ("This court has consistently held reversal is not required by exclusion of evidence where the same testimony was later admitted without objection." (internal citations omitted)); *Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (noting that any error was harmless when "very similar" evidence was admitted without objection); *see also Mitchell v. State*, No. 07-22-00359-CR, 2023 Tex. App. LEXIS 5253, at **11-12 (Tex. App.— Amarillo July 19, 2023, pet. filed) (mem. op., not designated for publication) ("The standard for the exclusion of cumulative evidence and harmless error dictates that no harm results when evidence is excluded if other similar evidence is admitted." (citing *Womble*, 618 S.W.2d at 62)).

Additionally, the evidence of Spratt's guilt is overwhelming. Indeed, he is on video committing sexual abuse of the victims in this case. Spratt was laughing and appeared to know what he was doing. There is also sufficient evidence demonstrating that he possessed child pornography.

When we consider the entire record, as we must when conducting a harm analysis under Texas Rule of Appellate Procedure 44.2(b), we have fair assurance that any error in the exclusion of Prather's testimony did not influence the jury or had but a slight effect. *See* TEX. R. APP. P. 44.2(b); *see also Coble*, 330 S.W.3d at 280. Therefore, we conclude that any error in the exclusion of Prather's testimony did not affect Spratt's substantial rights

and, thus, must be disregarded. *See* TEX. R. APP. P. 44.2(b). Accordingly, we overrule

Spratt's third issue.

## Sufficiency of the Evidence

In his second issue, Spratt argues that the evidence is insufficient to prove that he

trafficked a person either as a principal or a party.

STANDARD OF REVIEW

The Court of Criminal Appeals has expressed our standard of review of sufficiency

issues as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial

evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

APPLICABLE LAW

A person commits the offense of continuous trafficking of persons "if, during a period that is thirty or more days in duration, the person engages two or more times in conduct that constitutes an offense under section 20A.02 [trafficking of persons] against one or more victims." TEX. PENAL CODE ANN. § 20A.03. A person commits trafficking of persons if the person knowingly "traffics a child . . . and by any means causes the trafficked child . . . to engage in, or become the victim of, conduct prohibited by . . . Section 21.11 [Indecency with a Child] . . . Section 22.011 [Sexual Assault] . . . Section 22.021 [Aggravated Sexual Assault] . . . Section 43.03 [Promotion of Prostitution] . . . Section 43.25 [Sexual Performance by a Child] . . . or Section 43.26 [Possession or Promotion of Child

Pornography] . . . ." *Id.* § 20A.02(a)(7)(B)-(D), (F), (I), (K); *see also id.* §§ 21.11, 22.011, 22.021, 43.03, 43.25, 43.26.

According to the law of parties, each party to an offense may be charged with the commission of the offense. *Id.* § 7.01(b). "A person is criminally responsible for an offense committed by conduct of another if . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02(a)(2). When a party is not the "primary actor," the State must prove conduct constituting an offense plus an act by the defendant alone with the intent to promote or assist such conduct. *Beier v. State*, 687 S.W.2d 2, 3 (Tex. Crim. App. 1985). Evidence may be deemed sufficient to sustain a conviction under the law of parties if the evidence shows that the defendant was physically present at the commission of the offense and encouraged the commission of the offense either by words or other agreement. *Miller v. State*, 83 S.W.3d 308, 313-14 (Tex. App.—Austin 2002, pet. ref'd) (citing *Urtado v. State*, 605 S.W.2d 907, 911 (Tex. Crim. App. 1980); *Tarpley v. State*, 565 S.W.2d 525, 529 (Tex. Crim. App. 1978)). Circumstantial evidence may suffice to show that one is a party to the offense. *Id.* (citing *Wygal v. State*, 555 S.W.2d 465, 469 (Tex. Crim. App. 1977)). While mere presence at the scene, or even flight, is not enough to sustain a conviction, such facts may be considered in determining whether an appellant was a party to the offense. *Id.* at 314 (citing *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App.

1981) (op. on reh'g); *Guillory v. State*, 877 S.W.2d 71, 74 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd)).

DISCUSSION

On appeal, Spratt complains that the evidence is insufficient to prove the trafficking element beyond a reasonable doubt either as a principal or a party. Specifically, Spratt emphasizes that he could not be convicted of continuous trafficking of persons either as a principal or a party because he never drove the vehicle, paid for hotels, or contributed anything to the "traffic" element of the offense.

Dr. William Lee Carter testified that the behaviors of Davis and Spratt in this case constituted grooming of the two children, K.P. and J.P., who were sexually abused. Specifically, Dr. Carter noted:

> No, both—both adults are in it together. And maybe got a lead dog and somebody that follows his lead. Okay. If that's the case, they both still know the difference between right and wrong and they're taking advantage of vulnerable young people. In my estimation[,] that's what was happening here. You had one person that did a lot of the heavy lifting and the other one just participated because he was there and wanted to.

Further, both of the child victims in this case testified about Spratt's active participation in the offense. J.P. recalled how Spratt was the in the backseat of the car when Davis picked up J.P. and K.P. to take them to Davis's house in Hewitt, Texas, or to hotels. J.P. also testified that Spratt sexually assaulted him in multiple hotel rooms and multiple times at Davis's house in Hewitt. Davis recorded the sexual assaults at his house

in Hewitt. Several of the videos show Spratt committing the sexual assaults, smiling at the camera, and masturbating in front of K.P.

In corroboration of J.P.'s testimony, K.P. recounted seeing Spratt thrusting on J.P. while J.P. and Spratt were in a bed in a hotel room in Texarkana, Texas. K.P. also noted that he observed Spratt naked six or seven times and that Spratt would "be freaking right along with my PawPaw [Davis] . . . ." K.P. clarified that "freaking" meant "doing the nasty." Later in his testimony, K.P. stated that Spratt masturbated in front of him while sitting on a bed in Davis's house during the summer of 2020. K.P. later learned that many of the sexual encounters were videotaped. Davis made K.P. watch the videotapes, and Spratt was in many of the recordings.

Viewing the evidence in the light most favorable to the jury's verdict, a rational fact finder could have found beyond a reasonable doubt that Spratt actively participated with Davis in the common purpose of sexually abusing J.P. and K.P., thereby satisfying the "traffic" element of the charged offense. *See* TEX. PENAL CODE ANN. § 20A.03. The fact that Spratt did not drive the vehicle or paid for the hotel rooms where some of the sexual abuse occurred is not dispositive because the evidence shows that Spratt engaged in the grooming, sexual abuse, and exploitation of J.P. and K.P. for more than thirty days in duration such that Spratt was guilty of the offense of continuous trafficking of persons as both a principal and a party. *See* TEX. PENAL CODE ANN. §§ 7.01(b), 7.02(a)(2), 20A.03; *see also Jackson*, 443 U.S. at 318-19; *Zuniga*, 551 S.W.3d at 732-33. Accordingly, we hold that

the evidence is sufficient to support Spratt's conviction for continuous trafficking of persons. *See* TEX. PENAL CODE ANN. § 20A.03; *Jackson*, 443 U.S. at 318-19; *Zuniga*, 551 S.W.3d at 732-33. We overrule Spratt's second issue.

## Conclusion

Having overruled all of Spratt's issues, we affirm the judgments of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Smith, and
    Justice Rose[2]
(Chief Justice Gray concurs.)
Affirmed
Opinion delivered and filed January 4, 2024
Do not publish
[CRPM]



---

[2] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.